1  MATT GONZALEZ (153486)
   G. WHITNEY LEIGH (153457)
2  ENRIQUE PEARCE (236228)
   GONZALEZ & LEIGH, LLP
3  Two Shaw Alley, Third Floor
   San Francisco, CA  94105
4  Telephone:  (415) 512-2000                    *ORDER E-FILED ON 7/26/06*
   Facsimile:  (415) 512-2001
5
   Attorneys for Plaintiff
6  SCOTT BURSESE

7

8  GEORGE A. YUHAS (78678)
   CHRISTIAN N. BROWN (233147)
9  ORRICK, HERRINGTON & SUTCLIFFE, LLP
   The Orrick Building
10 405 Howard Street
   San Francisco, CA 94105
11 Telephone: (415) 773-5700
   Facsimile: (415) 773-5757
12

13 Attorneys for Defendant
   PAYPAL, INC.
14

15                 UNITED STATES DISTRICT COURT

16               NORTHERN DISTRICT OF CALIFORNIA

17                       SAN JOSE DIVISION

18
   SCOTT BURSESE,                    Case No. C 06-00636 RMW
19
                      Plaintiff,     [PROPOSED] STIPULATED PROTECTIVE
20                                   ORDER  AND ADDENDUM TO
                                     PROTECTIVE ORDER
21       v.
                                     (MODIFIED BY THE COURT)
22 PAYPAL, INC., a Delaware corporation,

23                      Defendant.

24

25

26

27

28

## DEFINITIONS

1.      The term "Confidential Information" shall mean and include information (regardless of how generated, stored, or maintained) and any information derived therefrom that is deemed by a party to be confidential and that qualifies for protection under standards developed under Federal Rule of Civil Procedure 26(c). ∧(See Addendum to Protective Order).

2.      The term "Documents" shall include but is not limited to correspondence, memoranda, bulletins, reviews, reports, written recommendations, evaluations, scores, notes of meetings, conversations or evaluations or any and all records contained in Scott Bursese's personnel file or records that reflect upon his job standing, performance, industry reputation or potential for promotion, specifications, minutes, telegrams, letters, statements, canceled checks, contracts, invoices, drafts, books of account, work sheets, notes of conversations, desk diaries, appointment books, expense accounts, sketches, drawings, notes (including laboratory notebooks and records), instructions, disclosures, models, prototypes, marketing information, market studies, and other writings.

3.      The term "Counsel" shall mean counsel of record, and other attorneys in the law firms identified below:

> Orrick Herrington & Sutcliffe LLP
> The Orrick Building
> 405 Howard Street
> San Francisco, CA 94105-2669
>
> Gonzalez & Leigh LLP
> 2 Shaw Alley
> Third Floor
> San Francisco, CA  94105

4.      Parties to the litigation who have agreed to be bound by the terms of this Stipulated Protective Order are authorized to view and possess copies of documents designated as Confidential, and to attend portions of depositions wherein Confidential Information is discussed. Use of any such information is limited to that necessary for purposes of participation in this litigation, and all parties are bound by the terms of this Stipulated Protective Order as they relate to the return or destruction of Confidential Information upon termination of the litigation.

5.      Each party to this litigation who produces or discloses any Documents, things, interrogatory answers, responses to requests for admission, deposition or trial testimony, or other information which the producing party wishes to be subject to this Stipulated Protective Order may designate same as "CONFIDENTIAL."  Documents, things, interrogatory answers, responses to requests for admission, deposition or trial testimony, or other information designated as "CONFIDENTIAL" shall be marked (on the bottom of each page if a document) with the following legend:

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER (center this line)

6.      In the event the producing party elects to produce Documents and things for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all Documents produced shall be considered as marked as "CONFIDENTIAL."  Thereafter, upon selection of specified Documents for copying by the inspecting party, the producing party shall mark the copies of such Documents as may contain protected subject matter with the confidentiality marking at the time the copies are produced to the inspecting party.

7.      Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information:

(a)      said deposition or portions thereof shall be designated as containing Confidential Information subject to the provisions of this Order; such designation shall be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription; a party shall have until thirty (30) days after receipt of the deposition transcript within which to inform the other party to the action of the portions of the transcript designated as "CONFIDENTIAL," and the right to make such designation shall be waived unless made within the thirty (30) day period.

(b)      the disclosing party shall have the right to exclude from attendance at said deposition, during such time as its Confidential Information designated as "CONFIDENTIAL" is to be disclosed, any person other than the deponent, Counsel (including

---

STIPULATED PROTECTIVE ORDER

*Bursese v. PayPal, Inc.*
Case No. C 06-00636

US_WEST:260051181.1

1  their staff and associates), the Court reporter, and person(s) permitted to view such information

2  pursuant to the terms of this Stipulation.

3           (c)      the originals of said deposition transcripts and all copies thereof shall bear

4  the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" and the original shall at

5  the time of filing with the Court be sealed, identified as being subject to this Order, and not

6  opened except by order of this Court.

7      8.      All Confidential Information designated as "CONFIDENTIAL" shall not be

8  disclosed by the receiving party to anyone other than those persons designated herein and shall be

9  handled in the manner set forth below and, in any event, shall not be used for any purpose other

10  than in connection with this litigation, unless and until such designation is removed either by

11  agreement of Counsel for the parties or by order of the Court.

12      9.      Information designated as "CONFIDENTIAL" limits the use and/or disclosure of

13  the information to the pending dispute, *Bursese v. PayPal, Inc.*, Case No. C 06-00636.

14      10.      The producing party has the burden to show the required good cause under Rule

15  26(c), Fed. R. Civ. P., to restrict access to information by use of  the "CONFIDENTIAL"

16  designation. If a party receiving an item of information designated "CONFIDENTIAL"

17  reasonably believes that the information has been improperly designated, the receiving party must

18  provide an objection in a reasonable manner to the producing party, specifying the Documents,

19  information or other things whose designation is objected to, and the basis for the objection. The

20  objection may be initially oral but must be confirmed in writing. The producing party must

21  respond to the objection within five (5) business days after its receipt of the written objection

22  from a non-producing party. If the parties cannot reach agreement regarding the objections to

23  designations, the producing party ~~must~~ may move the Court ~~by expedited motion,~~ and show good

24  cause, to maintain the designation, no later than fifteen (15) business days after responding to the

25  objection, and the matter shall be resolved by the Court. Alternatively, the objecting party may

26  move the Court ~~by expedited motion~~ to change the designation at any time after having satisfied

27  the meet and confer requirements of the Court's local rules. Prior to the filing of any motion, the

28

---

1  parties must satisfy the meet and confer requirements of the local rules. The meet and confer may

2  be either in person or telephonic.

3          11.    Should the producing party produce Documents that the receiving party contends

4  are confidential, the receiving party shall inform the producing party within ten (10) days of the

5  receipt of said information.  The producing party shall then promptly designate this information as

6  "CONFIDENTIAL" unless it reasonably believes that the receiving party's contention that the

7  information be designated "CONFIDENTIAL" is improper.  In such an event, the producing party

8  would state its objection to a "CONFIDENTIAL" designation, and the basis for the objection.

9  The objection may be initially oral but must be confirmed in writing. The receiving party must

10  respond to the objection within five (5) business days after its receipt of the written objection

11  from a non-producing party. If the parties cannot reach agreement regarding the objections to

12  designations, the receiving party ~~must~~ <sup>may</sup> move the Court ~~by expedited motion~~, and show good

13  cause, to maintain the designation, no later than fifteen (15) business days after responding to the

14  objection, and the matter shall be resolved by the Court. Alternatively, the objecting party may

15  move the Court ~~by expedited motion~~ to change the designation at any time after having satisfied

16  the meet and confer requirements of the Court's local rules. Prior to the filing of any motion, the

17  parties must satisfy the meet and confer requirements of the local rules. The meet and confer may

18  be either in person or telephonic.

19          12.    All Confidential Information which has been designated as "CONFIDENTIAL" by

20  the producing or disclosing party, and any and all reproductions thereof, shall be retained in the

21  custody of the outside counsel for the receiving party identified in paragraph 3, except that

22  independent experts, independent consultants and others authorized to view such information

23  under this Protective Order may retain custody of such copies as are necessary for their

24  participation in this litigation.

25          13.    Any Documents produced in discovery, answers to interrogatories, responses to

26  requests for admission, deposition transcripts, or other Documents which are filed with the Court

27  for any purpose and which are designated as "CONFIDENTIAL" shall be <sup>submitted with a</sup> ~~filed in a sealed~~

28

---

request for sealing in accordance with Civil Local Rule 79-5.

1   ~~envelope marked on the outside with the title of the action, identification of each Document~~

2   ~~within and a statement substantially in the following form:~~

3   ~~"Contains CONFIDENTIAL INFORMATION; To Be Opened Only By or As~~

4   ~~Directed By The Court."~~

5   ~~Such envelope shall not be opened except by order of the Court (excluding court personnel), and~~

6   ~~such contents shall not be made available to third parties or to the public except as ordered by the~~

7   ~~Court.~~

8   14.   The restriction set forth in this Order shall not be construed:

9   (a)   To preclude any party or its attorneys of record from making lawful use

10  of information which was lawfully in their possession without restrictions prior to the receipt of

11  information under this Protective Order; or

12  (b)   To apply to information lawfully obtained by a party from any non-party

13  to this action having the right to disclose such information; or

14  (c)   To apply to information that has been or becomes part of the public

15  domain by publication, a declaration under law, or otherwise, and not due to any unauthorized act

16  or omission on the part of a receiving party.

17  15.   Neither the taking of any action in accordance with the provisions of this

18  Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or

19  defense in this action. Moreover, neither the failure to designate information in accordance with

20  this Order nor the failure to object to a designation at a given time shall preclude the filing of a

21  motion at a later date seeking to impose such designation or challenging the propriety thereof.

22  The entry of this Order shall not be construed as a waiver of any right to object to the furnishing

23  of information in response to discovery or to object to a requested inspection of Documents or

24  things, and, except as expressly provided, shall not relieve any party of the obligation of

25  producing information in the course of discovery.

26  16.   In the event that anyone shall violate or threaten to violate the terms of this

27  Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief

28  against any such violation or threatened violation, and in the event the aggrieved party shall do so,

1    the respondent subject to the provisions of this Order, shall not employ as a defense thereto any

2    claim that the aggrieved party possesses an adequate remedy at law. The parties and any other

3    person subject to the terms of this Order agree that this Court shall retain jurisdiction over it and

4    them for the purpose of enforcing this Order, notwithstanding any subsequent disposition of this

5    action.

6    17.    Except for documents filed with the Court,
     Immediately after entry of final judgment including appeals, or of dismissal in

7    connection with this action, all Documents and things or transcripts of deposition or trial, together

8    with all copies thereof, which have been designated as including Confidential Information shall

9    be returned to the producing party or destroyed, provided that outside counsel identified in

10   paragraph 3 may retain one copy of any and all Documents and things or transcripts which

11   contain Confidential Information for the purpose of any possible future dispute over alleged

12   violation of this Protective Order or over any agreement, decision, decree, order or judgment

13   disposing of all or part of this action.  Any such copies that contain or constitute Confidential

14   Information remain subject to this Protective Order.  At the conclusion of the litigation, any party

15   may, at its option, destroy its own copy of any Document, including Confidential Information.

16   18.    Nothing in the foregoing provisions of this Protective Order shall effect

17   or shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing,

18   additional protection with respect to the confidentiality of Documents or other discovery material

19   or relief from this Protective Order with respect to particular materials designated as containing

20   Confidential Information.

21   19.    If through inadvertence, a producing party provides any Confidential

22   Information pursuant to this litigation without marking the information as "CONFIDENTIAL,"

23   the producing party may subsequently inform the receiving party of the "CONFIDENTIAL"

24   nature of the disclosed information, and the receiving party shall treat the disclosed information as

25   "CONFIDENTIAL" information upon receipt of written notice from the producing party, to the

26   extent the receiving party has not already disclosed this information. The producing party bears

27   the responsibility for replacing any and all copies of documents with the appropriate designation

28   and shall reimburse the other party for any, reasonable costs incurred as a result of the failure to

---

STIPULATED PROTECTIVE ORDER

7

*Bursese v. PayPal, Inc.*
Case No. C 06-00636

If the parties are unable to agree after good faith meet-and-confer negotiations, designate. Cost disputes shall be resolved by the Court. If the information has already been disclosed to persons other than those listed in paragraph 8, the disclosing party shall inform the designating party of such and will take reasonable steps to ensure that no further disclosures are made. The non-producing party shall not be liable for any disclosures resulting from the producing party's inadvertent or unintentional disclosure or failure to designate information in accordance with this Order.

20.    Should any Confidential Information be disclosed, through inadvertence or otherwise, to any person or party not authorized under this Order, then the disclosing party shall use its best efforts to bind such person to the terms of this Order; and the disclosing party shall (a) promptly inform such person of all the provisions of this Order; (b) identify such person immediately to the party or nonparty that designated the document as containing Confidential Information; and (c) request such person to sign a Declaration stating that he or she will not use or publish the Confidential Information. The executed Declaration shall be promptly served upon the party or nonparty designating the document as Confidential Information.

21.    If discovery is sought of a person or entity not a party to this action ("third party") requiring disclosure of such third party's Confidential Information, the Confidential Information disclosed by such third party will be accorded the same protection as the parties' Confidential Information.

22.    This Court will retain jurisdiction to enforce the terms of this protective order for a period of six months after the conclusion of this litigation.

///
///
///
///
///
///
///
///
///
///

The foregoing is AGREED AND STIPULATED TO by the parties through their counsel as of the dates indicated below.

SO STIPULATED:

Dated:  July 14, 2006                                      GONZALEZ & LEIGH, LLP

                                                          By _____(/s/) Enrique Pearce_____
                                                              Attorneys for Plaintiff
                                                              SCOTT BURSESE

Dated:  July 14, 2006                                      ORRICK, HERRINGTON & SUTCLIFFE

                                                          By _____(/s/) Chris Brown_____
                                                              Attorneys for Defendant
                                                              PAYPAL, INC.

        I hereby attest that I have on file all holographic signatures for any signature indicated by a "conformed" signature (/s/) within this e-filed document.

Dated: July 14, 2006

                                                          By _____(/s/) Chris Brown_____
                                                              Attorneys for Defendant
                                                              PAYPAL, INC..
                                (AS MODIFIED BY THE COURT)
                        PURSUANT TO STIPULATION, IT IS SO ORDERED:

DATED: ___July 26, 2006___

                                                          _____
                                                                        Howard R. Lloyd
                                                          Hon. ~~Ronald M. Whyte~~

# ADDENDUM TO PROTECTIVE ORDER
Bursese v. Paypal, Inc.
Case No. C06-00636 RMW (HRL)

IT IS HEREBY ORDERED as follows:

DESIGNATION OF DOCUMENTS

Each party or non-party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A designating party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass or indiscriminate designations are prohibited.  Designations that are clearly shown to be unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the designating party to sanctions.

**5:06-cv-636 Notice will be electronically mailed to:**

Christian N Brown cbrown@orrick.com, chrisbrown42@hotmail.com

Matt Gonzalez mgonzalez@gonzalezleigh.com, linglis@gonzalezleigh.com

G. Whitney Leigh wleigh@gonzalezleigh.com, cblat@gonzalezleigh.com

Juan Enrique Pearce epearce@gonzalezleigh.com, malberto@gonzalezleigh.com; cblat@gonzalezleigh.com

George A. Yuhas , Esq gyuhas@orrick.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.